IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: COVENTRY HEALTH CARE, INC. ERISA LITIGATION | MASTER FILE: 8:09-CV-02661 (AW) |
| THIS DOCUMENT RELATES TO: | Judge Alexander Williams, Jr. |
| ALL ACTIONS | |

## STIPULATION OF SETTLEMENT

Plaintiffs Loretta Boyd, Christopher Sawney, Karen A. Milner, Jack J. Nelson, and Karen Billig ("Named Plaintiffs"), on behalf of a putative class of participants in and beneficiaries of the Coventry Health Care, Inc. Retirement Savings Plan (the "Plan") (collectively, "Plaintiffs"), and Defendants Coventry Health Care, Inc. ("Coventry" or the "Company"); Dale Wolf, Daniel Mendelson, Rodman Moorhead, Timothy Weglicki, L. Dale Crandall, Elizabeth Tallett, Allen Wise, Joel Ackerman, and Lawrence Kugelman ("Director Defendants"); Shawn Guertin and Patricia Davis ("Officer Defendants"); the 401(K) Plan Investment Committee and members Harvey DeMovick, James McGarry, Allen Spath, David Finkel, Maria Fitzpatrick, and Richard Bates ("Committee Defendants"); John J. Ruhlmann; and John Does 1-20 (together, the "Defendants" and collectively with the Plaintiffs, the "Parties"), enter into this Stipulation of Settlement (the "Stipulation" or the "Settlement"), with the approval and authority of their respective clients, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## RECITALS

A.     In late 2009 and early 2010, six current and former Plan participants filed five separate class action complaints alleging that the Defendants had breached their fiduciary duties under the Employee Retirement Income Act of 1974 ("ERISA").

    i.    On October 13, 2009, Loretta Boyd and Christopher Sawney filed a class action complaint for alleged violations of ERISA in the United States District Court for the District of Maryland.  This case was assigned Civil Action Number 8:09-CV-02661-AW.

    ii.    On October 28, 2009, Karen Milner filed a class action complaint for alleged violations of ERISA in the United States District Court for the District of Maryland. This case was assigned Civil Action Number 8:09-cv-02850-AW.

    iii.    On November 16, 2009, Jack J. Nelson filed a class action complaint for alleged violations of ERISA in the United States District Court for the District of Maryland.  This case was assigned Civil Action Number 8:09-cv-03063-AW.

    iv.    On November 17, 2009, John Nigro filed a class action complaint for alleged violations of ERISA in the United States District Court for the District of Maryland.  This case was assigned Civil Action Number 8:09-cv-03074-AW. On March 31, 2011, Judge Alexander Williams, Jr. entered an order dismissing Mr. Nigro's class action complaint, without prejudice.

    v.    On February 25, 2010, Karen Billig filed a class action complaint for alleged violations of ERISA in the United States District Court for the District of Maryland. This case was assigned Civil Action Number 8:10-cv-00462-AW.

B.    The various actions were consolidated into a single amended class action complaint ("Amended Complaint") filed on June 28, 2010 and designated Master File 8:09-cv-02661-AW (the "Litigation").

C.     The class period alleged in the Amended Complaint is February 9, 2007 to October 22, 2008 (the "Class Period").

D.     The Amended Complaint alleges that Defendants breached their ERISA fiduciary duties by engaging in the following alleged acts:  (i) continuing to offer the common stock of Coventry ("Company Stock") as an investment option in the Plan; (ii) continuing to acquire and hold shares of Company Stock in the Plan when it was imprudent to do so; (iii) failing to provide complete and accurate information to participants regarding the Company's financial condition and the prudence of investing in Company Stock; and (iv) maintaining the Plan's preexisting investment in Company Stock when it was no longer a prudent investment for the Plan.  In addition, the Amended Complaint alleges that Coventry issued misleading public statements, which failed to disclose alleged problems with the Company's business and that, as a result of the alleged undisclosed information, Company Stock was an imprudent Plan investment.

E.     On March 31, 2011, Judge Alexander Williams, Jr. entered an order granting in part and denying in part Defendants' Motion to Dismiss.  The Court denied the motion as to Counts I, II, and IV, but granted it with respect to Count II, alleging failure to avoid conflicts of interest.

F.     On November 18, 2011, Judge Alexander Williams, Jr. entered an order granting in part and denying in part Defendants' Motion for Reconsideration of the Court's March 31, 2011 Memorandum Opinion and Order.  The Court dismissed Plaintiffs' duty of loyalty claim based on alleged misrepresentations/omissions as to the following Defendants:  Daniel N. Mendelson; Rodman W. Moorhead, III; Timothy T. Weglicki; L. Dale Crandall; Elizabeth E. Tallett; Allen F. Wise; Joel Ackerman; Lawrence N. Kugelman; Patrisha Davis; Harvey C.

DeMovick; James E. McGarry; Allen H. Spath; David A. Finkel; Maria Z. Fitzpatrick; and Richard A. Bates.

G.     Defendants vigorously deny each and every allegation of wrongdoing made in the Amended Complaint, and the five separate class action complaints and amended complaints filed prior to the Amended Complaint, and contend that they have no liability in the Litigation. Defendants specifically deny that they breached any fiduciary duties or any other provisions of ERISA in connection with the investment, acquisition, or retention of Company Stock by the Plan during the Class Period, or at any time, and further deny that they in any way failed to act loyally to the Plan's participants or to adequately monitor other fiduciaries.  Defendants further contend that they acted prudently in all respects.

H.     On September 3, 2009, prior to the filing of the Amended Complaint, a class action lawsuit was filed in the United States District Court for the District of Maryland asserting claims under the Securities Exchange Act of 1934, *In re Coventry Health Care, Inc. Sec. Litig.*, No. 09-CV-02337-AW (the "Securities Action").  As of this date, the Securities Action is still pending.

I.     Plaintiffs' counsel have conducted an investigation into the facts, circumstances, and legal issues associated with the Litigation.  This investigation has included: (i) inspecting, reviewing, and analyzing documents produced by, or otherwise relating to, Coventry and Company Stock, including, but not limited to, numerous public documents, including press releases and regulatory filings; (ii) researching the applicable law with respect to the claims asserted in the Litigation and the potential defenses thereto; and (iii) inspecting, reviewing, and analyzing numerous documents concerning the Plan and the administration of the Plan,

particularly as such documents pertain to the investment by the Plan in Company Stock produced by the Defendants in the Litigation during discovery.

J. Defendants' counsel also have conducted a thorough investigation into Plaintiffs' claims, the underlying events and transactions alleged in the Amended Complaint, and the operation and administration of the Plan. Defendants' counsel has reviewed numerous documents relating to the Litigation and has thoroughly studied the law applicable to Plaintiffs' claims.

K. Based on their investigation of the merits of this Litigation, the conduct of this Litigation to date, and their knowledge and experience pursuing such actions generally, Plaintiffs' counsel believe that the Settlement will provide substantial benefits to the Settlement Class as that term is defined herein. When the benefits conferred by the Settlement are weighed against the attendant risks of continuing the prosecution of the Litigation, Plaintiffs' counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class. In reaching such a conclusion, Plaintiffs' counsel have considered, among other things, the risks of Litigation (including the risks of establishing both liability and losses to the Plan), the time necessary to achieve a final resolution through Litigation and any appeals, the complexity of the claims set forth in the Amended Complaint, and the benefits accruing to the Plan's participants under the Settlement.

L. Although Defendants continue to deny all liability with respect to any and all of the claims alleged in the Amended Complaint, Defendants nevertheless consider it desirable that any and all possible controversies and disputes arising out of or during the Class Period that relate to (i) the matters, transactions, and occurrences referenced in the Amended Complaint, or (ii) the Plan and the investment options therein, including, without limitation, Company Stock,

be conclusively settled and terminated on the terms and conditions set forth below. The settlement of the Litigation and the attendant final dismissal of the Amended Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiffs' claims, and any potential related claims, to an end.

M.   The Parties have reached this Settlement, by and through their respective undersigned counsel, on the terms and conditions set forth in this Stipulation.

N.   Defendants, by entering into this Stipulation, do not admit to the truth of any allegation contained in the Amended Complaint or otherwise asserted during the course of the Litigation or the five separate class action complaints and amended complaints filed prior to the Amended Complaint.

O.   Defendants, by entering into this Stipulation, do not admit to any fault, liability, or wrongdoing whatsoever.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that, in consideration of the mutual covenants and promises set forth in this Stipulation, the Parties hereby agree to a full and complete settlement of the Litigation and dismissal with prejudice of all claims related to the Litigation, on the following terms and conditions, subject to the approval of the Court:

<u>Certification of the Settlement Class</u>

1.   For settlement purposes only, this Litigation shall proceed as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), with the class consisting of all persons who were participants in or beneficiaries of the Plan and who held Company Stock in their Plan accounts at any time during the Class Period, defined as the time period between

February 9, 2007 to October 22, 2008, excluding any and all Defendants and any of Defendants' legal representatives, heirs, predecessors, and assigns (the "Settlement Class").

    2.    The following attorneys shall serve as class counsel ("Class Counsel"):

**GAINEY McKENNA & EGLESTON**
Attn:  Thomas J. McKenna
440 Park Avenue South, 5th Floor
New York, NY  10016
Telephone: (212) 983-1300
Email: tjmckenna@gaineyandmckenna.com

**HARWOOD FEFFER LLP**
Attn:  Robert I. Harwood
488 Madison Avenue
New York, NY  10022
Telephone: (212) 935-7400
Email: rharwood@hfesq.com

### Preliminary Approval

    3.    As soon as practicable following the execution of this Stipulation by the Parties, Plaintiffs shall file a Motion for Preliminary Approval with the Court, seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Preliminary Approval Order"), including notice to the Settlement Class substantially in the form attached hereto as Exhibit B ("Class Notice"). Plaintiffs shall request that a final settlement fairness hearing be held at least ninety (90) calendar days from the mailing of the Class Notice, for the Court to consider whether the terms of this Settlement are fair, reasonable, and adequate and thus should be finally approved and implemented by the Court pursuant to Federal Rule of Civil Procedure 23(e) (the "Fairness Hearing"). Defendants shall not oppose the Motion for Preliminary Approval, provided it is consistent with the terms and conditions of the Settlement. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall, at their expense, cause the notices required by CAFA, as specified by 28 U.S.C. § 1715, to be prepared and provided to the required

Parties within ten (10) calendar days of the filing of the Motion for Preliminary Approval.  Class Counsel will be copied on any and all notices provided by Defendants pursuant to this Paragraph.

4.      If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved preliminarily by the Court, Plaintiffs shall cause the Class Notice to be disseminated to members of the Settlement Class in the manner set forth in the Preliminary Approval Order.  The Class Notice shall be e-mailed to members of the Settlement Class for whom current e-mail addresses are readily available and will otherwise be sent to members of the Settlement Class at the mailing addresses maintained by the Plan's recordkeeper.  Defendants shall use reasonable, good-faith efforts to ensure that the Plan's recordkeeper cooperates with Plaintiffs to produce the list of class members and individual account Plan data, but otherwise, Defendants bear no responsibility for the distribution of the Class Notice.  Plaintiffs also shall cause the Class Notice to be published on the website identified in the Class Notice.

### Final Approval

5.      If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, Plaintiffs shall timely move the Court to enter an Order and Final Judgment substantially in the form attached hereto as Exhibit C (the "Final Approval Order"), which, among other things:

(a)      Approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b)      Certifies the Settlement Class as a non-opt-out class meeting the applicable requirements imposed by Federal Rules of Civil Procedure 23(a) and (b)(1);

(c)    Determines that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)    Approves a Plan of Allocation (a term defined herein) consistent with Paragraph 30 of this Stipulation;

(e)    Determines the legal fees and expenses that should be awarded or reserved for award to Class Counsel out of the Settlement Amount (a term defined herein), as contemplated by Paragraphs 23 through 26 of this Stipulation;

(f)    Determines the Case Contribution Award (a term defined herein) that should be awarded or reserved for award to the Named Plaintiffs out of the Settlement Amount (a term defined herein), as contemplated by Paragraphs 27 through 29 of this Stipulation;

(g)    Dismisses the Litigation with prejudice as to Defendants and operates to extinguish, discharge, and release any and all Released Claims against any and all Released Parties (as those terms are defined herein), and without costs except as provided herein; and

(h)    Permanently bars and enjoins Plaintiffs, members of the Settlement Class, and the Plan from instituting, prosecuting, or continuing, either individually, representatively, or derivatively, or in any other capacity, any action in any court or tribunal asserting any Released Claims against any Released Parties, or from receiving any additional recovery or relief from any Released Parties (as those terms are defined herein) with respect thereto.

### Date of Final Settlement Approval

6.      For purposes of this Stipulation, "Final Settlement Approval" shall occur when all of the following have taken place:  (a) entry of the Final Approval Order; and (b) expiration of all applicable appeal periods for the appeal of the Final Approval Order without any appeal having been filed or, if any appeal is taken, entry of an order affirming the Final Approval Order and the exhaustion of any and all applicable opportunities for the further reconsideration, rehearing, or appeal of such affirmance.  The pendency of any unresolved issues regarding the Plan of Allocation (a term defined herein), attorneys' fees or expenses, or the Case Contribution Award (a term defined herein) shall not affect the finality of the Settlement as between the Parties.

### Review by an Independent Fiduciary

7.      Pursuant to Paragraph 8 below, this Settlement is contingent upon a review of this Settlement by an independent fiduciary retained by and at the expense of the Defendants to evaluate the Settlement (the "Independent Fiduciary") and its:  (a) approving and authorizing the Settlement in writing in accordance with Prohibited Transaction Exemption 2003-39 and (b) granting a written release of the Released Claims (as defined herein) in its capacity as a fiduciary of the Plan and for and on behalf of the Plan coextensive with the release from the Plaintiffs and the members of the Settlement Class.  All Parties shall cooperate in providing information to the Independent Fiduciary upon request.

8.      Defendants shall determine in their sole discretion whether the Settlement shall be contingent on any, some, or all of the conditions identified in Paragraph 7.  Any waiver of any of those conditions by Defendants shall be effective only if in writing and signed by an authorized

officer or representative of Defendants, including, but not limited to, Defendants' counsel in this Litigation.

### Release

9.     Upon Final Settlement Approval, Plaintiffs, the Settlement Class, and the Plan (subject to the Independent Fiduciary's review and approval, unless waived by Defendants in accordance with Paragraph 8) shall release any and all claims of any nature whatsoever (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against Defendants and the current or former officers, directors, employees, insurers, re-insurers, administrators, representatives, attorneys, affiliates, parent corporations, subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns, or agents of any Defendant (the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions, or occurrences that are, were, or could have been alleged, asserted, or set forth in the Amended Complaint or the Litigation, or that are related in any way to any of the allegations or claims asserted in the Amended Complaint or the Litigation pertaining to the Class Period, including, but not limited to, claims that Defendants and/or any fiduciaries of the Plan breached ERISA fiduciary duties during the Class Period in connection with (a) the acquisition, maintaining, issuance, offering, and/or holding of Company Stock by the Plan or the Plan participants, (b) the appointment and/or monitoring of the Plan's fiduciaries with regard to Coventry or Company Stock, (c) the provision of information to the Plan's fiduciaries

or participants and beneficiaries of the Plan regarding Coventry or Company Stock, (d) the loyalty of the Plan's fiduciaries regarding Coventry or Company Stock; and/or (e) failure to disclose any information (the "Released Claims").

10. Nothing in this Stipulation or the Released Claims shall release or discharge any claim that has been asserted in the Securities Action; provided, however, that nothing herein shall be deemed a waiver by the defendants in the Securities Litigation of their rights to maintain that any recovery by the Plan pursuant to this Settlement shall offset any recovery in the Securities Litigation. Further, nothing shall preclude the Plan from filing a claim in the Securities Litigation, and the Plan shall not be deemed an affiliate of any defendant in the Securities Litigation.

11. Upon Final Settlement Approval, Plaintiffs, the Settlement Class, and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with debtor," and (b) any similar state, federal, or other law, rule, or regulation or principle of common law of any domestic or foreign governmental entity. Plaintiffs, members of the Settlement Class, and the Plan may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any Released Parties, but Plaintiffs, the Settlement Class, and the Plan hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent

claim with respect to the Released Claims, without regard to the subsequent discovery or existence of such other or different facts.

12.     Upon Final Settlement Approval, Defendants absolutely and unconditionally release and forever discharge the Plaintiffs, the Settlement Class and Plaintiffs' counsel (collectively, the "Plaintiff-Released Parties") from any and all claims relating to the institution or prosecution of the Litigation or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in this Stipulation. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could have been asserted by Plaintiffs, the Settlement Class, and the Plan with respect to the Released Claims, and agree that, except as expressly set forth herein, each of the Parties shall bear his, her, or its own costs and expenses, including attorneys' fees.

<u>**Payment of Settlement Amount**</u>

13.     Plaintiffs, on behalf of the Settlement Class and the Plan, agree to settle and resolve fully the Released Claims, including, but not limited to, the claims asserted against Defendants in the Litigation, for *Three Million Six Hundred Thousand Dollars and no cents* ($3,600,000.00) (the "Settlement Amount"). Coventry shall cause the Settlement Amount to be paid consistent with the terms of this Settlement. Except as otherwise provided herein, under no circumstances shall Coventry or any other Defendants be required to pay, or cause to be paid, more than the Settlement Amount, and upon payment of the Settlement Amount, all payment obligations by and on behalf of Defendants under this Stipulation shall be satisfied and discharged in full.

14.     Defendants shall cause the full Settlement Amount to be deposited into an interest-bearing escrow account (the "Escrow Account") at a financial institution (the "Escrow

Agent") identified by Class Counsel and consented to by Defendants not later than thirty (30) calendar days following the Court's entry of the Preliminary Approval Order or receipt of the Payment Information (as defined below), whichever is later. The "Settlement Fund" is the Settlement Amount deposited into the Escrow Account. No later than seven (7) calendar days following the Court's entry of the Preliminary Approval Order, Class Counsel shall provide Defendants with the name and address of the Escrow Agent, the payee name and address, the federal tax identification number, and any other information needed for Defendants to deposit the Settlement Amount into the Escrow Account (the "Payment Information").

15.     The Settlement Fund may bear interest and shall be invested only in United States Treasury securities and/or securities of United States agencies backed by the full faith and credit of the United States Treasury, repurchase agreements collateralized by such securities, and mutual funds or money-market accounts that invest exclusively in the foregoing securities. The Settlement Fund shall be structured and managed to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury Regulations promulgated thereunder and shall make tax filings and provide reports to Class Counsel for tax purposes as necessary. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Escrow Agent or the Settlement Administrator (as that term is defined below) shall arrange as necessary for the preparation and filing of any and all tax reports, forms, and returns required to be filed, prepared, or disseminated by the Settlement Fund and for the payment from the Settlement Fund of any taxes owed, and will send Class Counsel copies of any such filings and receipts of payment in a timely manner. Neither Defendants nor Defendants' Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

16.     Although Defendants deny any fault, liability, or wrongdoing whatsoever with respect to the claims asserted in the Litigation, the Parties agree that the payment of the Settlement Amount is intended as a settlement of the alleged breach of fiduciary duty claims under ERISA for allegedly lost earnings on the Plan's assets allegedly caused by the investment in Company Stock, and shall be treated as earnings for all purposes under the Plan.  None of the Settlement Amount represents punitive damages or, to the Parties' knowledge, taxable compensation to any individual member of the Settlement Class.

### Payments from the Settlement Fund

17.     All taxes on any income of the Settlement Fund and any tax-related expenses incurred in connection with the taxation of the Settlement Fund shall be paid solely out of the Settlement Fund, shall be considered a cost of administration of the Settlement, and shall be timely paid without further order of the Court.

18.     All fees and expenses of the Escrow Agent, and of professional advisors engaged by the Escrow Agent in connection with the Settlement Fund, shall be paid solely from the Settlement Fund, subject to Class Counsel's approval.

19.     Any expenses incurred by a third-party administrator retained by Class Counsel in implementing the Plan of Allocation (as that term is defined below) or administering the Settlement (the "Settlement Administrator") shall be paid from the Settlement Fund.

20.     Any expenses incurred in providing the Class Notice required by the Court in the Preliminary Approval Order shall be paid from the Settlement Fund.

21.     Any award of attorneys' fees and expenses, or any Case Contribution Award (a term defined herein) as set forth in the Final Approval Order, shall be paid from the Settlement Fund.

22.    Defendants shall pay all fees and expenses incurred by the Independent Fiduciary, including any fees and expenses incurred by attorneys, consultants, and advisers retained or employed by the Independent Fiduciary, in the course of evaluating the Settlement (as described in Paragraph 7).

### Payment of Attorneys' Fees and Expenses

23.    Within fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel will apply to the Court for an award of attorneys' fees and expenses.  Defendants shall take no position directly or indirectly on Class Counsel's application for attorneys' fees and expenses; provided that Class Counsel do not request an award of attorneys' fees and expenses higher than one-third of the Settlement Amount.

24.    The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the attorneys' fees and expenses of Class Counsel shall not affect the validity of this Stipulation or the finality of the Settlement in any manner.

25.    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately upon entry of the Final Approval Order; provided, however, that, before any such award is paid, Class Counsel shall provide undertakings satisfactory to Defendants to repay such fees plus interest thereon at the same rate, if any, as earned on the Settlement Fund to the Settlement Fund within ten (10) business days if any order finally approving this Settlement, or awarding attorneys' fees or expenses and costs is reversed or modified on appeal, or in the event that this Stipulation is terminated or canceled as provided herein.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement.  Any refunds or repayments required pursuant

to this Paragraph shall be the joint and several obligation of each firm designated as Class Counsel. Defendants shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely from the Settlement Fund.

26.     Class Counsel shall be solely responsible for allocating any award of attorneys' fees and expenses among themselves. Defendants shall bear no responsibility for this allocation or be subject to any claims or suit related thereto.

### Payment of Case Contribution Award

27.     Within fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel will apply to the Court for a "Case Contribution Award" for the Named Plaintiffs. Defendants shall take no position directly or indirectly on Class Counsel's application for a Case Contribution Award, provided that Class Counsel do not request a Case Contribution Award higher than $5,000 per person. In the event that the judgment or the order awarding the Case Contribution Award is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then the Named Plaintiffs shall, in an amount consistent with such reversal or modification, refund the Case Contribution Award, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from counsel for Defendants or from a court of competent jurisdiction. Defendants shall have no obligations whatsoever with respect to the Case Contribution Award, which shall be payable solely from the Settlement Fund.

28.     The Court's consideration of Class Counsel's request for a Case Contribution Award for the Named Plaintiffs is a matter separate and apart from the Settlement between the Parties, and the Court's decision concerning the Case Contribution Award shall not affect the validity of this Stipulation or the finality of the Settlement in any manner.

29.     Upon Final Settlement Approval, Class Counsel may instruct the Escrow Agent in writing to disburse immediately the Case Contribution Award from the Settlement Fund in accordance with the Court's Final Approval Order.

### Plan of Allocation

30.     Class Counsel shall submit and propose to the Court, in connection with the motion for entry of the Final Approval Order, a plan of allocation substantially in the form attached hereto as Exhibit D (the "Plan of Allocation") that provides for the calculation, allocation, and distribution of the Settlement Fund net of the payments contemplated by Paragraphs 17 through 29 of this Stipulation (the "Net Settlement Fund").  As soon as reasonably practicable following Final Settlement Approval, Class Counsel shall direct the Settlement Administrator to disburse the Net Settlement Fund to eligible members of the Settlement Class in accordance with the Plan of Allocation.  Disbursement of the Net Settlement Fund to eligible members of the Settlement Class must be completed within six (6) months of the Final Settlement Approval unless the Court directs otherwise.

### Right to Withdraw from the Settlement

31.     For purposes of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning the Plan of Allocation, the administration of the settlement or the persons performing such administrative functions, or the amount, advancement, or award of any attorneys' fees and expenses or Case Contribution Awards, shall constitute grounds for cancellation or termination of the Agreement.

32.     Each of the Parties shall have the option to withdraw unilaterally from and terminate the Settlement in the event that: (a) either the Preliminary Approval Order or the Final

Approval Order referred to above is not entered substantially in the forms specified herein, including such modifications as may be ordered by the Court with the consent of the Parties; or (b) the Settlement is either not approved by the Court or is disapproved or materially modified upon appeal.

33.     Defendants shall have the right to withdraw from this Settlement and terminate the Stipulation if:

(a)     before the Court's issuance of the Final Approval Order, any federal or state authorities file any objection to the Stipulation or Settlement in any court, bring a claim against any Released Parties relating to the Released Claims, or notify any Released Parties that they intend to file such a Claim; or

(b)     subject to Defendants' exercise of their rights as set forth in Paragraph 8, the Independent Fiduciary fails to approve the Settlement on or before seven (7) calendar days prior to the Fairness Hearing.

34.     In the event that the Settlement is terminated pursuant to Paragraphs 31 through 33 of this Stipulation, then:

(a)     the Settlement proposed herein shall be of no further force and effect;

(b)     upon written notice by Defendants that the Settlement has been terminated, Class Counsel shall instruct the Escrow Agent in writing to return the Settlement Fund, with all interest and income earned thereon, to an account specified by Defendants within ten (10) calendar days, except that neither Class Counsel nor any other person shall have an obligation to reimburse the Settlement Fund for the costs of Class Notice, or any other costs and expenses of the Settlement charged to the Settlement Fund pursuant to Paragraphs 17 through 20 of this Stipulation, but any award of attorneys' fees

and expenses or any Case Contribution Awards must be returned in accordance with this Stipulation;

      (c)    the agreements and definitions in this Stipulation concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in any further litigation, and Defendants will retain all rights to oppose the certification of any class in any further litigation; and

      (d)    with the exception of Paragraph 37, which shall survive the termination of the Settlement, this Stipulation and all negotiations, proceedings, and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to any of the Parties hereto, and each of the Parties shall be restored to his, her, or its respective position as it existed prior to the execution of this Stipulation.

### Continuing Jurisdiction

35.    Magistrate Judge William G. Connelly shall retain jurisdiction over the interpretation and implementation of the Settlement and this Stipulation, as well as any and all matters arising out of, or related to, the interpretation and implementation of the Settlement and this Stipulation.

### Authority

36.    Each of the attorneys executing the Stipulation on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective client or clients.

### Settlement Not an Admission

37.    The provisions contained in this Stipulation and all negotiations, statements, and proceedings in connection therewith shall not be deemed a presumption, a concession, or an

admission by Defendants of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Litigation or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in this Litigation or any other actions or proceedings, whether civil, criminal, or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.  Defendants have denied and continue to deny each and every claim alleged in the Litigation.  Accordingly, neither this Stipulation nor the Settlement itself nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of any Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties agree that the Released Parties may offer or introduce as evidence, or file with a court, administrative agency, or other tribunal, the Stipulation or the Final Approval Order, as entered, with respect to any claims or actions that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other similar defense or counterclaim.  The Parties and their counsel, and each of them, further agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information exchanged in the Litigation shall survive and be unaffected by this Stipulation.

### Counterparts

38.     This Stipulation may be executed by exchange of executed signature pages by facsimile or Portable Document Format ("PDF") as an electronic mail attachment, and any signature transmitted by facsimile or PDF via electronic mail for the purpose of executing this Stipulation shall be deemed an original signature for purposes of this Stipulation.   This Stipulation may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one and the same instrument.

### Waiver

39.     The waiver by any of the Parties of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation.

### Arm's-Length Negotiations

40.     The Parties represent and warrant that they are voluntarily entering into this Stipulation as a result of arm's-length negotiations among their counsel, and that, in executing this Stipulation, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel.  Each of the Parties assumes the risk of mistake as to facts or law.  None of the Parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

### Entire Agreement

41.     This Stipulation and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may

not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto. The Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and the Settlement, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation and the Settlement. The Parties intend this Stipulation to be a final and complete resolution of all disputes between them relating to, or arising out of, the subject matter of the Litigation, or which otherwise constitute Released Claims. Accordingly, the Parties agree that the terms of the Stipulation represent a good-faith settlement of the Released Claims, reached voluntarily after consultation with experienced counsel.

### Successors and Assigns

42.    This Stipulation, upon becoming operative, shall be binding upon, and inure to the benefit of, the Parties hereto, Released Parties, and Plaintiff-Released Parties and their respective successors, assigns, heirs, estates, executors, and administrators and upon any corporation, partnership, or entity into or with which any such person or entity may merge or consolidate.

### Governing Law

43.    This Stipulation shall be governed by the laws of the State of Maryland without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

### Covenants, Representations, and Warranties

44.    *Covenants Not to Sue.* Plaintiffs covenant and agree on their own behalf and on behalf of the Settlement Class and the Plan:  (i) not to file against any Released Parties any

additional claim based on or arising from the Released Claims, or refile any of the claims asserted in the Action; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against the Released Parties.

45.    *No Assignment.*  Plaintiffs represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any Released Claim.

46.    *No Surviving Claims.*  Plaintiffs represent and warrant that they shall have no surviving claim or cause of action against the Released Parties with respect to the Released Claims.

47.    *No Disparaging Statements.*  Plaintiffs and Plaintiffs' counsel and Defendants and Defendants' counsel shall make no statements to the press or make any other public statements describing this Settlement that disparage any Parties or accuse any Parties of wrongdoing.

48.    *Duty to Cooperate.*  The Parties promise to cooperate in good faith and to take all actions reasonably necessary to effectuate this Agreement.

49.    *Advice of Counsel.*  In entering into this Settlement, the Parties represent that they have relied upon the advice of their attorneys, who are attorneys of their own choice, that they have read the terms of this Settlement and, to the extent necessary, terms were explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them.

50.    *Extensions of Time.*  The Parties may agree, subject to the approval of a court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

51.    *Further Assurances.*  Each of the Parties agrees, without further consideration and as part of effectuating the Settlement, that they will in good faith execute and deliver such other

documents and take such other actions as may be reasonably necessary to consummate and effectuate the subject matter and purpose of this Stipulation.

52.    *Expenses.*   Except as otherwise expressly set forth herein, each of the Parties hereto will pay all of its or his/her own fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to its or his/her negotiation, preparation, or compliance with this Agreement, and including any fees, expenses, and disbursements of counsel, accountants, and other advisors. Nothing in this Agreement shall require Defendants to pay any monies other than as expressly provided herein.

53.    *Notices.*   Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court order sought in connection with the Agreement shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage pre-paid, with copies by facsimile or e-mail to the attention of Class Counsel or Defendants' counsel (as well as to any other recipients that a court may specify). As of the date hereof, the respective representatives are as follows:

**For Defendants:**        Gregory C. Braden
                            Christopher A. Weals
                            MORGAN, LEWIS & BOCKIUS LLP
                            1111 Pennsylvania Avenue, NW
                            Washington, DC 20004
                            Telephone: 202.739.3000
                            Facsimile: 202.739.3001
                            cweals@morganlewis.com
                            gbraden@morganlewis.com

For the Settlement Class:  **GAINEY McKENNA & EGLESTON**
Attn:  Thomas J. McKenna
440 Park Avenue South, 5th Floor
New York, NY  10016
Telephone: (212) 983-1300
Email:  tjmckenna@gaineyandmckenna.com

**HARWOOD FEFFER LLP**
Attn:  Robert I. Harwood
488 Madison Avenue
New York, NY  10022
Telephone: (212) 935-7400
Email:  rharwood@hfesq.com

Agreed to on behalf of Defendants:

Dated: September _19_, 2013          By: _____

Christopher A. Weals (Fed. Bar No. 8411)
Gregory C. Braden (*pro hac vice*)
Sean K. McMahan (*pro hac vice*)
John R. Richards (*pro hac vice*)
Christopher E. Hopkins Gillispie (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202.739.3000
Facsimile:    202.739.3001

*Counsel for Defendants*

Agreed to on behalf of Plaintiffs, Plaintiffs' Counsel, and the Settlement Class:

Dated: September _19_, 2013          By: _____

John B. Isbister (Fed. Bar No. 00639)
Toyja E. Kelley (Fed. Bar No. 26949)
TYDINGS AND ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
Telephone:  410.752.9700
Facsimile:    410.727.5460

*Interim Liaison Counsel for Plaintiffs*

Dated: September _19_, 2013          By: _____

Robert I. Harwood
Tanya Korkhov
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY  10022
Telephone:  212.935.7400
Facsimile:    212.753.3630

Dated: September *19*, 2013        By:  _Thomas J. M⁻ Kenna_

Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: 212.983.1300
Facsimile: 212.983.0383

*Interim Co-Lead Counsel for Plaintiffs*

DB1/ 75344640.2