# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: COVENTRY HEALTH CARE, INC. ERISA LITIGATION | MASTER FILE: 8:09-CV-02661 (AW) |
| THIS DOCUMENT RELATES TO: | Judge Alexander Williams, Jr. |
| ERISA ACTION | |

## NOTICE OF CLASS ACTION SETTLEMENT

Your legal rights might be affected if you are a member of the following class:

> All persons who were participants in or beneficiaries of the Coventry Health Care, Inc. (the "Company" or "Coventry") Retirement Savings Plan (the "Plan") and who held Company Stock in their Plan accounts at any time during the Class Period, defined as the time period between February 9, 2007 to October 22, 2008 (the "Class Period"), excluding any and all Defendants and any of Defendants' legal representatives, heirs, predecessors, and assigns.

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION. YOU HAVE NOT BEEN SUED.**

- The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act of 1974 ("ERISA") against Coventry and certain individuals. The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of members of the Settlement Class who had portions of their accounts invested in the Coventry Stock Fund during the Class Period. The Settlement is summarized below.

- A hearing on the final approval of the Settlement and for approval of Plaintiffs' motion for attorneys' fees and expenses and case contribution awards to the Plaintiffs (the "Fairness Hearing") has been scheduled by the Court for _____, 2013, at _____ a.m., before United States District Judge Alexander Williams, Jr. The hearing will be held at the United States District Court for the District of Maryland, Southern Division, 6500 Cherrywood Lane, Greenbelt, Maryland 20770, Courtroom 4A, or in the courtroom then occupied by Judge Williams.

- Any objections to the Settlement or to the motion for attorneys' fees and expenses and/or any case contribution award to the Plaintiffs must be served in writing on Co-Lead Counsel for the Settlement Class and Defendants' Counsel, as identified on page 7 of this Notice. The procedure for objecting is described below.

- This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement dated _____, 2013. Capitalized and italicized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, are available at www. _____.com or from Co-Lead Counsel identified below.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU CAN DO NOTHING.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive whatever cash or other benefits are provided to you under the Settlement without having to |

| | file a claim or take any other action. |
|---|---|
| OBJECT TO SETTLEMENT (BY _____, 2013). | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. |
| GO TO A HEARING (TO BE HELD ON _____, 2013). | If you submit a written objection to the Settlement to the Court and counsel no later than _____, 2013, you may (but do not have to) attend the Fairness Hearing and present your objections to the Court provided you file a Notice of Intention to Appear by _____, 2013. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals.
- Further information regarding the litigation and this Notice may be obtained by contacting Co-Lead Counsel, listed on page 3 below.

## TABLE OF CONTENTS

SUMMARY OF THE SETTLEMENT ............................................................................................................ 2
GENERAL INFORMATION ........................................................................................................................... 3
   1. Why did I receive this Notice? ............................................................................................................. 3
   2. How do I obtain more information? ..................................................................................................... 3
   3. What is this lawsuit about? ................................................................................................................... 3
   4. Why is this a class action? .................................................................................................................... 4
   5. Why is there a Settlement? ................................................................................................................... 4
   6. Are filed papers in this lawsuit available? ............................................................................................ 4
   7. What if I am still not sure if I am included in the Settlement Class? .................................................... 5
   8. Can I exclude myself from the Settlement Class? ................................................................................ 5
THE SETTLEMENT BENEFITS—WHAT YOU GET ................................................................................... 5
   9. What does the Settlement provide? ...................................................................................................... 5
   10. How much will my payment be? ........................................................................................................ 5
   11. How can I get a payment? .................................................................................................................. 6
   12. When will I get my payment? ............................................................................................................ 6
   13. Must I participate in the Settlement? .................................................................................................. 6
THE LAWSUIT ................................................................................................................................................ 6
   14. What has happened so far in the litigation? ....................................................................................... 6
THE LAWYERS REPRESENTING YOU ...................................................................................................... 6
   15. Do I have a lawyer in this case? ......................................................................................................... 7
   16. How will the lawyers be paid? ........................................................................................................... 7
   17. How do I tell the Court if I don't like the Settlement? ....................................................................... 7
THE COURT'S FAIRNESS HEARING .......................................................................................................... 7
   18. When and where will the Court decide whether to approve the Settlement? ..................................... 7
   19. Do I have to come to the Fairness Hearing? ....................................................................................... 7
   20. May I speak at the Fairness Hearing? ................................................................................................ 8
IF YOU DO NOTHING ................................................................................................................................... 8
   21. What happens if I do nothing at all? ................................................................................................... 8
GETTING MORE INFORMATION ................................................................................................................ 8
   22. Are there more details about the Settlement? ..................................................................................... 8

## SUMMARY OF THE SETTLEMENT

A Settlement Fund has been created as a consequence of the Settlement.

### What Is the Settlement Fund?

The Settlement Fund is a $3,600,000.00 payment which the Company and/or its insurers will pay into escrow within thirty (30) days of the issuance of the Preliminary Approval Order, plus any accrued interest. The amount remaining in the Settlement Fund, after payment of any Court-approved attorneys' fees, and litigation expenses, and case contribution awards to the Plaintiffs; any costs associated with

sending Class Notice, and any taxes owed by the Settlement Fund; any costs authorized by the Court for the Settlement Administrator, the Financial Institution, or the Fund Custodians in connection with the implementation of the Plan of Allocation; and any other amount that may be ordered by the Court (the "Net Settlement Amount"), will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

### Statement of Attorneys' Fees and Out-of-Pocket Expenses Sought in the Action

Co-Lead Counsel will apply to the Court for an order awarding attorneys' fees in an amount not to exceed one-third of the Settlement Fund, plus reimbursement of expenses not to exceed $200,000.00. The actual amount of attorneys' fees, costs, expenses, and any case contribution awards to the named Plaintiffs will be determined by the Court.

### What Will the Plaintiffs Get?

The five named Plaintiffs in the action, Loretta Boyd, Christopher Sawney, Karen A. Milner, Jack J. Nelson, and Karen Billig, will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Settlement Class, except that, in addition, the named Plaintiffs may apply to the Court for a case contribution award to be determined by the Court, plus reimbursement of the reasonable costs and expenses directly relating to his or her representation of the Settlement Class. Any case contribution award made to the named Plaintiffs by the Court will be payable from the Settlement Fund.

## GENERAL INFORMATION

This action is pending in the United States District Court for the District of Maryland, Southern Division. The judge presiding over the case is the Honorable Alexander Williams, Jr. Plaintiffs bring this action against Coventry and and the following individual defendants: Dale B. Wolf, Daniel N. Mendelson, Rodman W. Moorhead, Timothy T. Weglocki, L. Dale Crandall, Elizabeth E. Tallett, Allen F. Wise, Joel Ackerman, Lawrence N. Kugelman, Shawn M. Guertin, Patrisha Davis, Harvey C. DeMovick, James E. McGarry, Allen H. Spath, David A. Finkel, Maria Z. Fitzpatrick and Richard A. Bates (collectively, the "Defendants"), alleging fiduciary duty breaches with respect to the Plan throughout the Class Period.

### 1. Why did I receive this Notice?

The Court directed that this Notice be sent to you because, as a potential Settlement Class Member, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Settlement Class Members according to a Court-approved Plan of Allocation. This Class Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice is not an expression of an opinion by the Court as to the merits of any of the claims or defenses asserted in the action.

### 2. How do I obtain more information?

For further information on the litigation and this Notice, you can call, email, or address written questions to any of the Co-Lead Counsel listed below:

| | |
|---|---|
| **HARWOOD FEFFER LLP** | **GAINEY McKENNA & EGLESTON** |
| Attn: Robert I. Harwood | Attn: Thomas J. McKenna |
| 488 Madison Avenue | 440 Park Avenue South, 5th Floor |
| New York, NY 10022 | New York, NY 10016 |
| Telephone: (212) 935-7400 | Telephone: (212) 983-1300 |
| Email: rharwood@hfesq.com | Email: tjmckenna@gaineyandmckenna.com |

Please do not contact the Court or Defendants. They will not be able to answer your questions.

### 3. What is this lawsuit about?

On October 13, 2009, an action alleging fiduciary violations against Defendants was commenced by former Plan participants—on behalf of themselves, the Plan, and all other Plan participants and beneficiaries—in the United States District Court for the District of Maryland. In the ensuing months, other related actions alleging claims under ERISA followed suit. On December 9, 2009, the Court consolidated the related ERISA actions and appointed Harwood Feffer LLP and Gainey McKenna & Egleston as Interm Co-Lead Counsel, and Tydings & Rosenberg LLP as Interim Liaison Counsel for the proposed plaintiff class. On June 28, 2010, Plaintiffs filed their consolidated Class Action Complaint for Violations of the Employee Retirement Income Security Act (the "Complaint"). Shortly thereafter, on August 12, 2010, Defendants moved to dismiss Plaintiffs' Complaint. On October 18, 2010, Plaintiffs filed their opposition to Defendants' motion. On November 17, 2010, Defendants filed their reply. On March 31, 2011, the Court issued a memorandum opinion, granting Defendants' motion to dismiss as to Plaintiffs' conflict of interests claim and denying the motion as to all other counts. On April 14, 2011, Defendants moved to reconsider, and on November 18, 2011, following the parties' briefing on this motion, the Court issued a memorandum opinion, dismissing Plaintiffs' duty of prudence and loyalty claim based on alleged misrepresentations/omissions as to certain Defendants and denying Defendants' motion to reconsider as to the remainder of Plaintiffs' claims previously sustained under the March 31, 2011 order. On _____, 2013, the Court granted preliminary approval of the proposed settlement, appointed Co-Lead Counsel and authorized this Notice to be sent to Settlement Class

members.

### The Claims in the Action

Plaintiffs' Complaint alleges, among other things, that Defendants breached their fiduciary duties to the Plan participants and beneficiaries, in violation of §§ 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105, by imprudently permitting the Plan to purchase and hold shares of Coventry stock through their Plan accounts, when Defendants knew or should have known that Coventry stock was an imprudent investment of the Plan's assets due to Coventry's financial condition throughout the Class Period.

### The Defenses in the Action

In their Answer to the Complaint, the Defendants not only denied each and every material allegation of the Complaint but also pleaded affirmative defenses which, if established by the evidence, would have resulted in judgment in the Defendants' favor. Had the Settlement described herein not been reached and this case adjudicated on the merits, the Defendants would have argued that judgment should be entered in their favor because, among other things:

- Plaintiffs' claims are barred, in whole or in part, by statutes of limitations, and/or the doctrines of laches, waiver, estoppel and/or release of claims against any or all of the Defendants;
- Plaintiffs' claims are barred, in whole or in part, by ERISA § 404(c);
- Plaintiffs and the other Plan Participants acted as their own fiduciaries when they directed the investment of Plan funds allocated to their account(s) and are therefore liable for any claimed losses;
- Plaintiffs and other Plan Participants have proximately caused, contributed to, or failed to mitigate any and all damages they seek;
- All Defendants acted prudently and loyally throughout the Class Period; and
- ERISA § 514(d) prohibits ERISA from being used to alter, modify, or impair federal securities law or other federal laws.

### The Action Has Been Aggressively Litigated

Plaintiffs' Co-Lead Counsel have conducted an extensive investigation of the allegations in the action and of the losses suffered by the Plan. Through that investigation and through discovery of information in the action, Co-Lead Counsel have obtained and reviewed the Plan's governing documents and materials, communications with the Plan's participants, Coventry's filings with the United States Securities and Exchange Commission ("SEC") and the United States Department of Labor ("DOL"), internal Company documents regarding the Plan, press releases, public statements, news articles and other publications, and other documents.

In addition, during the course of the action, Co-Lead Counsel propounded various discovery demands on the Defendants and received written responses thereto. A dispute ensued with regard to the scope of the discoverable time period, and Plaintiffs moved to compel on July 6, 2012. The Court granted Plaintiffs' motion to compel on March 21, 2013.

Thereafter, the parties voluntarily agreed to resume their mediation discussions in an attempt to resolve the pending claims. Previously, the parties attended a private mediation session in May of 2012, under the auspices of Judicial Arbitration Mediation Services ("JAMS"), but after submission of materials to the JAMS mediator and an in-person session, that mediation was terminated. On April 29, 2013, pursuant to the parties' joint request, the Court referred the parties for a settlement conference before the Honorable William Connelly, the Chief Magistrate Judge for the United States District Court for the District of Maryland. Subsequently, at the June 18, 2013 settlement conference before the Honorable Judge Connelly, the proposed Settlement was reached, which is the product of hard-fought, lengthy negotiations between Plaintiffs' and Defendants' Counsel. Throughout the negotiations, Co-Lead Counsel for the Plaintiffs were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

### Statement of Potential Outcome of the Action

As with any litigated case, Plaintiffs and the Settlement Class would face an uncertain outcome if the action were to continue against Defendants. Continued litigation of the action against Defendants could result in a judgment or verdict greater or lesser than the recovery under the Settlement Agreement, or no recovery at all, or a judgment or verdict in favor of Defendants.

Throughout this action, Plaintiffs and Defendants have disagreed on both liability and recoverable losses, and they do not agree on the amount that would be recoverable even if Plaintiffs and the Settlement Class were to prevail at trial. Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs, that they are liable at all to the Class, and that the Class or the Plan have suffered any damages for which Defendants could be held legally responsible. Nevertheless, Defendants have taken into account the uncertainty and costs inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the action be fully and finally settled as to them on the terms and conditions set forth in the Settlement Agreement.

### Settlement Discussions

The Settlement is the product of extensive negotiations between Co-Lead Counsel and Defendants' Counsel, including settlement negotiations before a mediator jointly retained by the parties, and subsequent settlement negotions before the Honorable Judge Connelly.

**4. Why is this a class action?**

In a class action, one or more persons sue on behalf of people who have similar claims. All of the people who have similar claims collectively make up the "Class" and are referred to individually as "Settlement Class Members." If this lawsuit is resolved as a class action, this lawsuit would resolve the issues and claims for all Settlement Class Members together.

### 5. Why is there a Settlement?

The Court has not reached any final decisions in connection with the claims against Defendants. Plaintiffs and Defendants have agreed to the Settlement. In reaching the Settlement, they have obtained a benefit now and avoided the cost and time of a trial.

On the one hand, continuation of the case against Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case against them could result in a judgment for less money than Plaintiffs have obtained in this Settlement, or no recovery at all. Based on these factors, Plaintiffs and their counsel believe that the Settlement is best for all Settlement Class Members.

### 6. Are filed papers in this lawsuit available?

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this action, including the Complaint, the Court's decisions on Defendants' motions to dismiss and reconsider and on Plaintiffs' motion to compel, as well as other documents, are available for inspection, during regular business hours, at the Office of the Clerk of the Court, United States District Court for the District of Maryland, Southern Division, or via the Court's electronic PACER Service Center. In addition, you may obtain additional information by writing Co-Lead Counsel, whose contact information is listed on page 3 above.

### 7. What if I am still not sure if I am included in the Settlement Class?

If you are still not sure whether you are included in the Class, you may consult an attorney of your own choosing, or Co-Lead Counsel listed above. Please do not contact the Court or Defendants. They will not be able to answer your questions.

### 8. Can I exclude myself from the Settlement Class?

In some class actions, class members have the opportunity to exclude themselves from the class. This is sometimes referred to as "opting out" of the class. However, because the Settlement Class in this ERISA action was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2) as a "non opt-out" class action, you do not have the right to exclude yourself from the Settlement Class and you will be bound by any final judgments or orders that are entered in this action, whether favorable or unfavorable.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 9. What does the Settlement provide?

The Settlement calls for the Company and/or its insurers to pay $3,600,000.00 into the Settlement Fund.

The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. Settlement Class Members who cannot be located through reasonable effort will be excluded from the Plan of Allocation and will not receive a Settlement Payment. In addition, if the proportionate recovery of a Settlement Class Member under the Plan of Allocation is *de minimis*, it may be distributed *pro rata* to other Settlement Class Members. As permitted under the Plan, the Fund Custodians will deposit the Settlement Payment into the existing Plan accounts of Settlement Class Members who are current Plan participants at the time of the distribution. If you are not a current Plan participant, an account will be established for you in the Plan, and your distribution will be invested in the default fund for the Plan. (All costs of providing notice to the Settlement Class, as well as all costs associated with administering the Settlement Fund, will be borne by the Settlement Fund.)

In exchange for the consideration described above, all Settlement Class Members and anyone claiming through them will be deemed to fully release all Released Claims as defined in the Settlement Agreement. The Released Claims include any and all claims of any nature whatsoever (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against Defendants and the current or former officers, directors, employees, insurers, re-insurers, administrators, representatives, attorneys, affiliates, parent corporations, subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns, or agents of any Defendant (the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions, or occurrences that are, were, or could have been alleged, asserted, or set forth in the Amended Complaint or the Litigation, or that are related in any way to any of the allegations or claims asserted in the Amended Complaint or the Litigation pertaining to the Class Period, including, but not limited to, claims that Defendants and/or any fiduciaries of the Plan breached ERISA fiduciary duties during the Class Period in connection with (a) the acquisition, maintaining, issuance, offering, and/or holding of Company Stock by the Plan or the Plan participants, (b) the appointment and/or monitoring of the Plan's fiduciaries with regard to Coventry or Company Stock, (c) the provision of information to the Plan's fiduciaries or participants and beneficiaries of the Plan regarding Coventry or Company Stock, (d) the loyalty of the Plan's fiduciaries regarding Coventry or Company Stock; and/or (e) failure to disclose any information.

The Released Claims also include claims that are not known or suspected to exist at the time such Releases are given. This means that Settlement Class Members will not have the right to sue the Released Parties for anything related to the investment of the Plan's assets or to other alleged fiduciary misconduct during the Class Period concerning the Plan.

The above description is only a summary. The governing terms of the Settlement are set forth in the Settlement Agreement.

### 10. How much will my payment be?

Your share of the Net Settlement Amount will depend on your loss, as calculated pursuant to a Court-approved Plan of Allocation, related to investment by the Plans in the Coventry Stock Fund during the Class Period (the "Recognized Loss"), and the amount of that loss relative to the Recognized Loss of all other Settlement Class Members. You are not required to determine the amount you are entitled to under the Settlement. In general, each eligible Settlement Class Member's proportionate share of the Net Settlement Amount will be calculated as follows:

- Using the Plan's current records and other records that may be reasonably located, the Plan's record keeper or any other entity retained by the Company for purposes of effectuating the Settlement shall identify each member of the Settlement Class.

- A "Recognized Loss" will be calculated for each member of the Settlement Class, equal to:
  a. the sum of:
     (i) the dollar amount of the Participant's account balance invested in the Company Stock Fund as of February 9, 2007; and
     (ii) the dollar amount of investments in the Company Stock Fund (through employee contributions, employer contributions in cash or stock or cash dividends) added to the Participant's account(s) from February 9, 2007 through and including October 22, 2008;
  b. minus the sum of:
     (iii) the dollar amount of a Participant's account balance invested in the Company Stock Fund as of October 22, 2008; and
     (iv) the dollar amount of all distributions and transfers of the Company Stock Fund from a Participant's account from February 9, 2007 through and including October 22, 2008.

- Following all of the above calculations, the Recognized Losses of all Settlement Class members will be totaled, which total shall equal the Aggregate Recognized Loss for the Settlement Class. A Recognized Loss percentage will be calculated for each Settlement Class Member, which will equal the ratio of each Settlement Class Member's Recognized Loss to the Aggregated Recognized Loss. Each Settlement Class Member will receive a share of the Net Settlement Amount equal to the amount of the Net Settlement Amount multiplied by his or her Recognized Loss percentage.

- If, based on the above calculations, the proportionate recovery of a Settlement Class Member who is no longer in the Plan is less than or equal to $50, the Recognized Loss will be deemed zero.

- Distributions from Settlement Class Member accounts, including automatic distribution of small account balances for inactive accounts, will be governed by applicable Plan provisions and procedures. If the owner(s) of a Settlement Class Member account cannot be located through reasonable effort, such Settlement Class Member account will be excluded from the Plan of Allocation and will not receive a Settlement Payment. If the owner of a Settlement Class Member account is deceased, such Settlement Class Member account will be administered in accordance with applicable Plan provisions and procedures regarding deceased participants. If a Qualified Domestic Relations Order is in effect which applies to a Settlement Class Member account, the procedures of the Plan regarding Qualified Domestic Relations Orders shall apply. Settlement Class Members who cannot be located through reasonable effort will be excluded from the Plan of Allocation and will not receive a Settlement Payment.

- Settlement Class Member accounts for any of the individual Defendants shall receive no allocation of the Net Settlement Amount.

### 11. How can I get a payment?

You do not need to file a claim. Payment will be made to the Plan. If you are a current Plan participant, distribution will be made to the default fund for the Plan. If you are not a current Plan participant, an account will be established for you in the Plan and your distribution will be invested in the default fund for the Plan. In the event that the Plan does not have a default option, the distribution will be allocated in its entirety to a target date fund or similar investment with a date as close as possible to the present day, or if there is no such fund, to the investment that provides the highest degree of preservation of capital, such as a money market or other short-term investment. If you want to take the payment out of your account and receive it as cash, you must be eligible to do so under the terms of the Plan.

### 12. When will I get my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and such approval becoming final and no longer subject to any appeals to any Court. Any appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals from such approval, it is reasonably anticipated that the Settlement payment will be distributed during late 2013 or early 2014. Accrued interest, if any, on the Settlement Fund will be included in the amount paid to the Plan.

**There Will Be No Payments If The Settlement Agreement Is Terminated.**

The Settlement Agreement may be terminated on several grounds, including if (1) the Court does not approve or materially modifies the

Settlement, or (2) either as modified by the Court, or as a result of reversal or modification on appeal, the Court's Final Order in the case does not satisfy certain terms of the Settlement. Should the Settlement Agreement be terminated, the Settlement will be terminated and the Action will proceed as if the Settlement Agreement had not been entered into.

### 13. Must I participate in the Settlement?

You do not have the right to exclude yourself from the Settlement. The Action was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) as a "non opt-out" class action because the Court determined the requirements of those rules were applicable. Thus, it is not possible for any participants or beneficiaries to exclude themselves from the Settlement if it is given final approval. As a Settlement Class Member, you will be bound by any final judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise included in the release under the Settlement.

## THE LAWSUIT

### 14. What has happened so far in the litigation?

As stated above, the first individual complaint in this action was filed on October 13, 2009. Plaintiffs filed their Complaint on June 28, 2010. Defendants moved to dismiss the Complaint on August 12, 2010. On March 31, 2011, the Court issued a memorandum opinion, granting Defendants' motion to dismiss as to Plaintiffs' conflict of interests claim and denying the motion as to all other counts. On April 14, 2011, Defendants moved to reconsider, and after opposition from Plaintiffs, on November 18, 2011, the Court issued a memorandum opinion, dismissing Plaintiffs' duty of prudence and loyalty claim based on misrepresentations/omissions as to certain Defendants and denying Defendants' motion to reconsider as to the remainder of Plaintiffs' claims previously sustained under the March 31, 2011 order. This ruling assumed the truth of the allegations of the amended complaint and did not make factual findings. The Court has not made any finding that any Defendant or fiduciary of the Plan has engaged in any wrongful conduct or violated any law or regulation.

The parties have been engaged in discovery, including production of electronically stored information.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

As stated above, the Court appointed Harwood Feffer LLP and Gainey McKenna & Egleston to serve as Co-Lead Counsel and represent you and the other Settlement Class Members in this Action. In addition, serving as Liason Counsel for the Class is Tydings & Rosenberg, LLP. Any attorneys' fees or costs that might ultimately be allowed by the Court will be paid out of the recovery, if any, in the action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

The Court will determine the amount of attorneys' fees, costs, and expenses to be paid to Co-Lead Counsel, as well as any case contribution awards to the named Plaintiffs. Defendants shall take no position with respect to Co-Lead Counsel's application for attorneys' fees so long as the request is for no more than one-third of the Settlement Fund. Co-Lead Counsel will also seek reimbursement of up to $200,000.00 for out-of-pocket expenses incurred in connection with the prosecution of this action, a substantial portion of which includes the costs of experts retained by Co-Lead Counsel and the costs of the private mediation. All expenses will be documented to the Court in connection with Co-Lead Counsel's request for reimbursement of expenses at the Fairness Hearing.

### 17. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member, you can tell the Court that you do not agree with the Settlement or some part of it, including the attorneys' fees and expenses the attorneys intend to seek or request for case contribution awards for the named Plaintiffs. To object, you must send a letter or other written filing saying that you object to the Settlement in *In re Coventry Health Care, Inc. ERISA Litigation*, Civil Action No. 09-CV-02661 (AW). Be sure to include your name, address, telephone number, signature, proof of membership in the Settlement Class, and a full explanation of all reasons you object to the Settlement. Your written objection must be filed with the Clerk of the Court by ____, 2013. The Court's address is United States District Court for the District of Maryland, Southern Division, 6500 Cherrywood Lane, Greenbelt, Maryland 20770. Your written objection must also be mailed to one of Co-Lead Counsel and one of Defendants' Counsel listed below, **no later than ____, 2013.**

| PLAINTIFFS' INTERIM CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| HARWOOD FEFFER LLP<br>Attn: Robert I. Harwood<br>488 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 935-7400<br>Email: rharwood@hfesq.com | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Christopher A. Weals<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 739-3000<br>Email: cweals@morganlewis.com |

GAINEY McKENNA & EGLESTON
Attn: Thomas J. McKenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: (212) 983-1300
Email: tjmckenna@gaineyandmckenna.com

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at ____ a.m. on _____, 2013, at the United States District Court for the District of Maryland, Southern Division, 6500 Cherrywood Lane, Greenbelt, Maryland 20770, Courtroom 4A, or in the courtroom then occupied by Judge Williams. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for Co-Lead Counsel's attorneys' fees, case expenses, and any case contribution awards to the named Plaintiffs.

### 19. Do I have to come to the Fairness Hearing?

No. Co-Lead Counsel will answer questions the Court might have. But you are welcome to come at your own expense. In addition, the Court will consider any timely filed objections even if you are not present. If you wish to have your own attorney appear on your behalf, you may do so at your own expense, but such attendance is not necessary.

### 20. May I speak at the Fairness Hearing?

If you are a Settlement Class Member and have timely filed an objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Coventry Health Care, Inc. ERISA Litigation*, Civil Action No. 09-CV-02661 (AW). Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 17, **by no later than** _____, **2013**.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing and you are a Settlement Class Member, you will participate in the Settlement of the Action as described above in this Class Notice if the Settlement is approved.

## GETTING MORE INFORMATION

### 22. Are there more details about the Settlement?

This Class Notice is only a summary of the Settlement. All of the terms of the Settlement are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Co-Lead Counsel listed on page 3 above. Copies may also be obtained at www.XXXXXXXXXXXXX.com. The Settlement Agreement also was filed with the Clerk of the Court and may be obtained from the Clerk's office directly.

DATED: September ____, 2013